# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOFTY CONFECTIONER,<br><br>   Petitioner,<br><br>   v.<br><br>MATTHEW CATE,<br><br>   Respondent.<br>_____/ | 1:09-cv-01976-BAM (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF COURT'S DECEMBER 22, 2011 ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ON THE MERITS<br><br>[Doc. 31] |

On December 22, 2011, the undersigned issued an order denying the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and judgment was entered in favor of Respondent.

On January 3, 2012, Petitioner filed a motion for reconsideration, dated December 30, 2011.

On January 20, 2012, Petitioner filed a notice of appeal, along with a motion to proceed in forma pauperis on appeal.

Rule 60(b) of the Federal Rules of Civil Procedure lists six grounds for relief from judgment. Reconsideration is only available upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th

1  Cir. 1997). However, a notice of appeal does not divest the district court of jurisdiction if at the
2  time it was filed there was then a pending motion for reconsideration. <u>United Nat'l Ins. Co. V. R</u>
3  <u>& D Latex Corp.</u>, 242 F.3d 1102, 1109 (9th Cir. 2001). Under Federal Rule of Appellate
4  Procedure 4(a)(4)(B)(I), such a notice of appeal does not become effective, and the district court
5  does not lose jurisdiction, until the district court rules on all motions for reconsideration filed no
6  later than ten days after judgment is entered. <u>Miller v. Marriott Int'l., Inc.</u>, 300 F.3d 1061, 1063-
7  1064 (9th Cir. 2002).

8      In his motion, Petitioner argues this Court "ruled in error" and did "not read and ignored
9  [the] first four pages of Petitioner's Traverse." (Motion at 2.) The basis for Petitioner's motion
10 for reconsideration is his disagreement with the Court's decision denying the petition on the
11 merits and the Court's application of the law to his petition. Petitioner's disagreement with the
12 Court's order is not grounds for reconsideration. The Court read and considered all the
13 arguments and evidence presented and found relief was not available under 28 U.S.C. § 2254.
14 Petitioner has not shown clear error or other meritorious grounds for relief, and has therefore not
15 met his burden.

16     To the extent Petitioner challenges the Court's substitution of Don Meyer, Chief
17 Probation Officer, as Respondent in this action, such challenge is meritless. As previously stated
18 by the Court, a federal habeas petitioner who is on probation, such as Petitioner in this case, may
19 name as the respondent the petitioner's parole officer "and the official in charge of the parole or
20 probation agency, or the state correctional agency as appropriate." <u>Ortiz-Sandoval v. Gomez</u>, 81
21 F.3d 891, 894 (9th Cir. 1996). In this instance, the Court properly substituted Don Meyer, Chief
22 Probation Officer of the Sacramento County Probation Department, as the proper respondent in
23 this action because Mr. Meyer is the individual who has legal control over Petitioner.

24     Based on the foregoing, Petitioner's motion for reconsideration is DENIED.
25     IT IS SO ORDERED.

26   **Dated:   January 25, 2012**          /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE
27
28