# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOFTY CONFECTIONER, | 1:09-cv-01976-BAM (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO AMEND THE NAMED RESPONDENT IN THIS ACTION |
| v. | |
| MATTHEW CATE, | [Docs. 43, 44, 45] |
| Respondent. | |

On December 22, 2011, the undersigned denied the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and judgment was entered in favor of Respondent.

In the answer to the petition, Respondent's counsel submitted that the proper Respondent in this action was Don Meyer, the Chief Probation Officer of Sacramento County, where Petitioner resides. The Court granted Respondent's request to substitute Mr. Meyer in place of Matthew Cate, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On January 3, 2012, Petitioner filed a notice and motion to correct the substitution of Don Meyer in place of Matthew Cate as Respondent. In response, the Court directed Respondent to file a brief addressing the issue.

On February 28, 2012, Respondent filed a motion to amend the proper respondent pursuant to Rule 15 of the Federal Rules of Civil Procedure. Respondent submits that after additional review and investigation, Respondent agrees that the request to substitute Don Meyer was erroneous, and Respondent requests to amend its answer to show that Matthew Cate,

Secretary of the Department of Corrections as the proper Respondent in this matter.[1] After review of the Court's prior order, the Court finds that Petitioner's substantive rights have not been affected by Respondent's error and a substitution of the government officeholder may occur at any time. Fed. R. App. P. 43(2). Accordingly, the Court will grant Respondent's request to amend Matthew Cate as the proper Respondent.

Petitioner moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure based on alleged misrepresentations by respondent's counsel in claiming Petitioner was on probation. Rule 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry, reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation ...

Fed. R. Civ. P. 11(b)(1).

Pursuant to Rule 11, sanctions may be imposed where an attorney has made written representations to the court that violate the provisions of Rule 11(b). See Fed. R. Civ. P. 11(c). The Court finds that Respondent's erroneous request to substitute Don Meyer in place of Matthew Cate as Respondent in this action is not the type of misrepresentation that falls within the purview of Rule 11 sanctions. There is no evidence that Respondent's amendment was done with the intent to harass or deny Petitioner justice. Accordingly, Petitioner's request for sanctions against Respondent shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to amend is GRANTED, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, is substituted in place of Don Meyer as Respondent in this action; and

---

[1] Respondent spoke with Petitioner's former parole officer, Jon Garcia, and submits documentation that Petitioner is no longer under the supervision of the parole department. Petitioner was discharged from parole on July 16, 2011. (ECF No. 45, Ex. A.)

2.  Petitioner's request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated:   **March 13, 2012**              **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE