# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOFTY CONFECTIONER, | 1:09-cv-01976-BAM (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISQUALIFICATION BASED ON JUDICIAL BIAS |
|     v. | |
| MATTHEW CATE, | [Doc. 47] |
|     Respondent. | |

Petitioner seeks disqualification of the undersigned. The motion is based on the undersigned's order denying the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and the denial of sanctions against Respondent's counsel.

A judge is required to disqualify herself if her impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge also is required to disqualify herself if she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

The determination of whether disqualification is appropriate is to be rendered by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). Disqualification under § 455 is warranted if a reasonable person with knowledge of all the facts

1

would objectively conclude the judge's impartiality might reasonably be questioned. <u>United States v. Winston</u>, 613 F.2d 221, 222 (9th Cir. 1980).

Viewed by an objective standard, Petitioner has failed to show personal bias or lack of impartiality on the part of the undersigned.  Rather, Petitioner merely disagrees and appears to be dissatisfied with the rulings in this case, particularly given the case has concluded and judgment has been entered adversely to Petitioner.  However, adverse rulings do not establish bias nor warrant recusal.  See <u>Liteky v. United States</u>, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); <u>United States v. Johnson</u>, 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias.").  Thus, Petitioner's motion for disqualification must be DENIED.

IT IS SO ORDERED.

**Dated:    March 30, 2012**                         /s/ **Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE